ceived the deed from appellees there were two distinct tracts of land, one lying above the other, having the same legal description yet each was so severed from the other that it constituted a distinct and separate body of land. It was a question of fact for the jury to determine from the evidence whether appellant knew of this condition prior to his execution of the articles of agreement, and if he had this knowledge it must be presumed that the articles of agreement contemplated only the conveyance of the estate owned by Stephen R. Shepherd at that time and that his contract was only with reference to the estate so owned by him. *Lloyd v. Sandusky, supra.* We are of opinion that there was no error in the admission of the parol evidence of the consideration of the deed in question, nor of the knowledge of appellant of the severance of the two estates. The judgment will be affirmed.

*Affirmed.*

---

## M. E. Scarlett and George Thomas, Appellees, v. National Live Stock Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed April 16, 1915.

### Statement of the Case.

Action of assumpsit by M. E. Scarlett and George Thomas against National Live Stock Insurance Company for the sum of $1,000 based upon a policy of insurance to indemnify plaintiffs for loss by death from accident, disease, theft and fire of a certain stallion. From a judgment for plaintiffs, defendant appeals.

The barn in which the stallion was kept was destroyed by a fire in which the stallion lost his life. The application for the policy was procured from appellees by appellant's agent Zea, and several of the defenses interposed were that appellees made certain false statements in the application which were warranties, in consequence of which the policy was void. The evidence for appellees tended to show that they truthfully answered all the questions in the application, and that the false answers therein were inserted by the agent without their knowledge.

Zea, appellant's agent, testified on the trial and did not deny the testimony of appellees that they gave true and correct answers to the questions in the application; and appellees, in making out the proofs of loss, fully disclosed therein all the matters truthfully, just as they testified they told the agent in the first instance when the application was made.

The policy provided that the company should not be liable if the assured, in case of sickness or accident to the animal insured, should fail to render forthwith by registered mail or telegram, notice to the company at its home office of such sickness or accident, together with the name and address of the veterinarian employed. It appeared from the evidence that some time before the stallion was burned, he received a kick from a horse resulting in a slight scratch on the fleshy part of the hip which bled a little but did not penetrate through the skin, created no soreness, did not affect the animal in any way, was considered so slight that no attention was paid to it, and appellant was not notified thereof under the above provisions of the policy. It was insisted that there was a violation of this provision and thereby a recovery was barred.

M. S. MEYBERG and LINDLEY, PENWELL & LINDLEY, for appellant; WALTER C. LINDLEY, of counsel.

J. H. DYER and C. F. DYER, for appellees.

Scarlett et al. v. National Live Stock Ins. Co., 193 Ill. App. 488.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 621*—*when parol evidence admissible.* When an applicant for insurance of a stallion against loss by death from accident, disease, theft and fire gave true answers to the questions contained in the application but the agent inserted false answers in lieu thereof, parol evidence is admissible in an action on the policy, to prove such facts notwithstanding stipulations contained in the application that the agent shall be deemed the agent of the assured.

2. INSURANCE, § 331*—*when notice of facts to agent is binding on insurer.* Notice to an agent of an insurance company at the time of application for insurance upon a stallion, of facts material to the case, is notice to the insurance company.

3. INSURANCE, § 336*—*when insurer estopped to assert falsity of answers.* An insurance company is estopped to insist that answers to questions contained in an application for insurance of a stallion were warranties where the applicant gave true answers to the questions contained in the application and the agent of the company inserted false answers in lieu thereof.

4. INSURANCE, § 663*—*when finding as to truth of insured's answers in application sustained.* A finding in an action upon a policy of insurance to indemnify assured for loss by death from accident, disease, theft and fire of a stallion which was destroyed by fire by the burning of a barn in which it was kept, that the assured truthfully answered the questions propounded in the application, and that the agent inserted false answers in lieu thereof, is sustainable where the company's agent testified on the trial and did not deny the testimony of the assured that they gave true answers to the questions contained in the application, and the assured in making out proof of loss fully disclosed all matters truthfully just as they testified they told the agent when the application was made.

5. INSURANCE, § 221*—*when failure to give notice of slight injury to stallion does not avoid policy.* An injury to a stallion caused by a kick received from a horse resulting in a slight scratch in the fleshy part of the hip which bled a little but which did not penetrate through the skin or create any soreness, and which was considered so trivial that no attention was paid to it, is not an illness or accident within the meaning of an insurance policy requiring prompt notice by registered mail of any illness or accident

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Parker v. American Assurance Co., 193 Ill. App. 491.

to the animal insured so as to bar recovery on a policy for the loss
of the animal by fire, especially where the scratch had nothing
to do with the loss of the animal.

6.  TRIAL, § 163*—*when construction of contract a question of
law.*  The construction of the terms of a contract is a matter of
law for the court and not for the jury.

---

## Jennie Parker, Appellee, v. American Assurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon.
WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at
the October term, 1914. Affirmed. Opinion filed April 16, 1915.

### Statement of the Case.

Action of assumpsit by Jennie Parker against the
American Assurance Company to recover as benefi-
ciary under a policy of insurance upon the life of her
husband. From a judgment for plaintiff after trial
by the court without a jury, defendant appeals.

W. O. EDWARDS and GEORGE R. TILTON, for appel-
lant.

ISAAC A. LOVE, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opin-
ion of the court.

### Abstract of the Decision.

INSURANCE, § 704*—*when finding of court below sustained.*  It
will be presumed on appeal that the trial court did not err in ren-
dering its judgment in an action on a life insurance policy tried

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.